Geoffrey O. HARTZLER and Dorothy E. Hartzler, Plaintiffs,

v.

William C. WILEY and William C. Wiley Products, Inc., a/k/a Wiley Design Build, Inc., Defendants.

No. CIV.A. 01–2509–KHV.

United States District Court, D. Kansas.

Aug. 18, 2003.

David E. Frank, Christopher J. Lucas, Edgar Law Firm LLC, Kansas City, MO, for Plaintiffs.

Katherine A. Worthington, Colantuono & Associates LLC, Leawood, KS, for Defendants.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on *Defendants' Motion To Exclude Expert Testimony* (Doc. # 163) filed June 20, 2003. For reasons stated below, defendants' motion is overruled in part.

Geoffrey and Dorothy Hartzler filed suit against William C. Wiley and William C. Wiley Construction, Inc. for breach of contract, breach of fiduciary duty, fraud, conversion and violation of the Missouri Merchandising Practices Act, Mo.Rev.Stat. § 407 *et seq.*, and the Kansas Consumer Protection Act, K.S.A. § 50–623 *et seq.* All of plaintiffs' claims arise from defendants' work as general contractor for the

construction of a house at the Lake of the Ozarks. Plaintiffs claim that defendants drastically overcharged them for the construction. Defendants assert that plaintiffs' claims have no merit and contend that the parties entered a release agreement that extinguished all of plaintiffs' claims.

Plaintiffs have designated D. Lynn Whitt as an expert to testify about the industry practice for contractor's pricing markup, billing and procurement procedures, management of home construction contracts and timely completion of home construction contracts. Defendants ask the Court to exclude Whitt's testimony, asserting that his opinions are not reliable, constitute improper legal conclusions and are not helpful to the jury.

## Analysis

Rule 702 of the Federal Rules of Evidence governs the admission of expert testimony:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702. In *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the Supreme Court "charged trial judges with the responsibility of acting as gatekeepers to exclude unreliable expert testimony, and the Court in *Kumho* clarified that this gatekeeper function applies to all expert testimony, not just testimony based in science." Ad. Comm. Notes to Fed.R.Evid. 702; *see also Kumho Tire Co., Ltd. v.*

*Carmichael,* 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). The touchstone of Rule 702 is helpfulness of the expert testimony, a condition that goes primarily to relevance. *See BioCore, Inc. v. Khosrowshahi,* 183 F.R.D. 695, 699 (D.Kan. 1998). Thus, the Court must determine whether the proffered evidence would be helpful to the trier of fact. *See id.* at 699. In so doing, the Court examines specific subject areas of proposed expert testimony to ascertain whether each is sufficiently tied to the facts of the case so that it will be helpful to the fact finder. *See id.* Any doubts should be resolved in favor of admissibility. *See id.*

Whitt, the designated expert for plaintiffs, has worked in the engineering and construction industry for more than three decades. He earned a bachelor of civil engineering degree at Georgia Institute of Technology in 1966 and a J.D. degree from the University of Memphis Law School in 1972. From 1966 to 1979 he worked for Chicago Bridge and Iron Company—first as an engineer, then as a project engineer, manager of plant construction and finally assistant counsel. From 1979 to May 1987, Whitt served as vice president for contract administration for a general construction company, doing general contracting and design/build work for public and private clients. In 1987, he founded a construction contract management company where he worked until April 1992. Whitt currently serves as a construction program manager and consultant, providing project management, construction administration services, and claims analysis and evaluation.

According to his expert report, Whitt proposes to testify that addenda pricing for the project was based on the parties' prior agreement on defendants' markup for overhead and profit and that (1) the parties' understanding that the markup

would be 12 per cent is reasonable and consistent with industry practice; (2) a markup of more than the agreed 12 per cent is unreasonable and inconsistent with industry practice; (3) defendants did not disclose the amount of the markup, (4) the average markup by defendants was 29 per cent, which is beyond "reasonable and customary industry practice," and (5) plaintiffs are entitled to recover the excess markups. Whitt also proposes to testify that (1) plaintiffs are entitled to payment from defendants for excess billings related to rebar work, retention of scaffold units and defendants' use of building stone for another project; (2) defendants did not fulfill their contract obligation to complete the project by the earliest practical date and did not provide sufficient men and materials to perform the work in a expedient manner; (3) defendants' billing and procurement procedures were not adequate or consistent with the contract or with industry practice; and (4) defendants improperly managed the project and, more specifically, stored doors improperly, removed materials, and allowed subcontractors to perform substandard work, all of which increased the cost of the project.[1]

## I. Whitt's Qualifications

Rule 702 imposes on the trial court an important gate-keeping function with regard to the admissibility of expert opinions. *See Daubert*, 509 U.S. at 589, 113 S.Ct. 2786. In order to determine whether Whitt's expert opinion is admissible, the Court must determine whether he is qualified by "knowledge, skill, experience, training, or education" to render an opinion. *See* Rule 702, Fed.R.Evid.; *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001).

The Court has carefully reviewed Whitt's credentials and finds that his background and experience qualify as "specialized knowledge" gained through "experience, training, or education." Rule 702, Fed.R.Evid. The record reflects that Whitt has worked for decades as a construction manager. He has published articles and given presentations on the construction industry. The Court therefore concludes that he is qualified to testify as an expert in the case.

## II. Legal Conclusions

Defendants assert that the Court must exclude Whitt's opinions because they constitute legal conclusions which are an improper subject of expert testimony. Plaintiffs deny that Whitt's opinions are legal conclusions, and contend that his opinions merely refer to the law in explaining his conclusions as to defendants' construction practices in light of industry standards. Alternatively, plaintiffs assert that to the extent that the Court determines that the construction agreement is ambiguous, expert testimony is admissible. As plaintiffs point out, Whitt could testify concerning the contract terms if the Court determines that the contract is ambiguous. *See Employers Reinsurance Corp. v. Mid–Continent Cas. Co.*, 202 F.Supp.2d 1212, 1217 (D.Kan.2002).

Under Rule 704(a), Fed.R.Evid., an expert witness may testify in the form of an opinion or inference, even if the opinion or inference embraces an ultimate fact issue. *See A.E. v. Indep. Sch. Dist. No. 25*, 936 F.2d 472, 476 (10th Cir.1991) (citations omitted). An expert, however, may not apply the law to the facts of the

---

1. Mr. Whitt's expert report contains five numbered paragraphs labeled "Opinion." Each of the five paragraphs is followed by several paragraphs labeled "Basis." In *Defendants' Memorandum In Support Of Motion To Ex-* clude Expert Testimony (Doc. # 164) filed June 20, 2003, defendants identify portions of some of the opinions with letter designations. The Court has not adopted those designations because some of them are duplicative.

case to form legal conclusions. *See id.* (citing *United States v. Jensen,* 608 F.2d 1349, 1356 (10th Cir.1979)); *Frase v. Henry,* 444 F.2d 1228, 1231 (10th Cir.1971). Nevertheless, an expert may refer to the law in expressing his opinion. *See id.* (citing *Specht v. Jensen,* 853 F.2d 805, 809 (10th Cir.1988)).

■ Whitt's opinions regarding contract interpretation are admissible if the Court determines that the construction agreement is ambiguous. The parties agree that aside from the claim under the Kansas Consumer Protection Act, Missouri substantive law applies. *Pretrial Order* (Doc. # 162) filed June 16, 2003 at ¶ 3(d). Under Missouri law, if a contract is unambiguous, the Court interprets the agreement according to the plain meaning of the words. *Nat'l Corp. v. Allan,* 280 S.W.2d 428, 432 (Mo.App.1955). If a contract term is ambiguous, however, evidence of extrinsic facts and circumstances which demonstrate the parties' intent is admissible, and construction of the contract becomes a mixed question of law and fact for the jury to determine under proper instructions. *See Busch & Latta Painting Corp. v. State Highway Comm'n,* 597 S.W.2d 189, 197 (Mo.App. W.D.1980).

■ The Court has not determined that the construction agreement is ambiguous.[2] *See Nat'l Corp.,* 280 S.W.2d at 432 (court determines as matter of law whether contract is ambiguous). If the Court finds that the agreement is not ambiguous, Whitt's opinions regarding contract interpretation are not admissible. *See Wicks v. Riley County Bd. of County Comm'rs,* 125 F.Supp.2d 1282, 1290 (D.Kan.2000) (court will not consider inadmissible legal conclusion by expert); *Austin Fireworks, Inc. v. T.H.E. Ins. Co.,* No. 90–1341–FGT, 1993 WL 484214, at *1 (D.Kan. Aug. 2, 1993) (interpretation of unambiguous insurance policy not proper subject for expert testimony). To the extent that the agreement is ambiguous, however, Whitt's opinions may be relevant to its meaning in light of construction industry custom and practice. *See Cure v. City of Jefferson,* 380 S.W.2d 305, 310 (Mo.1964) (industry custom and usage relevant when interpreting ambiguous contract). Therefore the Court will not strike Whitt's testimony regarding contract interpretation at this time.

■ Defendants also assert that the following portions of Whitt's opinions constitute legal conclusions: that plaintiffs are entitled to recover excess markups; plaintiffs are entitled to payment for excess billings, defendants did not fulfill their contract obligation to complete the project and plaintiffs are entitled to recover replacement costs. These portions of Whitt's opinion constitute an impermissible application of law to facts to form a legal conclusion. *See Breezy Point Coop., Inc., v. CIGNA Prop. & Cas. Co.,* 868 F.Supp. 33, 36 (E.D.N.Y.1994) (improper to offer "conclusions as to the legal significance of various facts [to be] adduced at trial") (quoting *Marx & Co., Inc. v. Diners' Club Inc.,* 550 F.2d 505, 508 (2d Cir.1977)).

## III. Relevancy/Helpfulness

■ Defendants contend that Whitt's conclusions as to the reasonableness of defendants' price markups would not be helpful to the jury, and that the jury is capable of forming its own conclusions as to the reasonableness of the price markup. The Court, however, finds that the custom and practice of markups in the industry may be helpful to the jury if the contract

---

**2.** Defendants have filed a summary judgment motion which asserts that the parties entered a release agreement which precludes all of plaintiffs' claims. Should the Court overrule defendants' motion, the question whether the underlying construction contract is ambiguous may become an issue.

proves to be ambiguous. Therefore the Court will not strike this testimony at this time.

Defendants also assert that testimony as to pricing and problems with the construction project are irrelevant because the parties signed a settlement agreement which extinguished the claims. The Court has not yet ruled on this legal issue, which defendants raise in their summary judgment motion. Therefore the Court does not exclude Whitt's testimony at this time.

## IV. Reliability

Defendants assert generally that Whitt's opinions do not identify any studies or industry data. Defendants cite *Sawyer v. Southwest Airlines Co.*, 243 F.Supp.2d 1257 (D.Kan.2003), in which the Court found that proposed expert testimony was not admissible because it was not based on studies, polling or tests, and the record did not establish that the expert was otherwise qualified to express the proffered opinion about the sensitivities of African Americans born before 1960. Here, by contrast, Whitt has identified his long experience in the construction business in Missouri as the basis for his opinions.

 Rule 702 provides that an expert may testify as to scientific, technical or other specialized knowledge "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." In determining whether an opinion or particular scientific theory is "reliable," the Court may consider several nondispositive factors: (1) whether the proffered theory can and has been tested; (2) whether the theory has been subject to peer review; (3) the known or potential rate of error; and (4) the general acceptance of a methodology in the relevant scientific community. *Daubert*, 509 U.S. at 593–94, 113 S.Ct.

2786. The Supreme Court has emphasized, however, that while a trial court *may* consider one or more of these factors, the test of reliability is flexible and *Daubert's* list of factors does not necessarily or exclusively apply to all experts or every case. *Kumho*, 526 U.S. at 141, 119 S.Ct. 1167. Therefore, while a trial court should consider the specific factors identified in *Daubert* where they are reasonable measures of the reliability of expert testimony, *id.*, the law does not require an expert to back his or her opinion with independent tests that unequivocally support his or her conclusions. *See Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 929 (8th Cir.2001) (no requirement that expert always cite published studies on general causation in order to reliably conclude that particular object caused particular illness) (citing *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 155 (3d Cir.1999)).

The record establishes that Whitt is qualified to express opinions based on his experience in the construction business in Missouri.

**IT IS THEREFORE ORDERED** that *Defendants' Motion To Exclude Expert Testimony* (Doc. # 163) filed June 20, 2003 be and hereby is **SUSTAINED** in part and **OVERRULED** in part. The Court strikes the following opinions expressed in Whitt's expert report: plaintiffs are entitled to recover excess markups; plaintiffs are entitled to payment for excess billings; defendants did not fulfill their contract obligation to complete the project and plaintiffs are entitled to recover replacement costs.